UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY ROARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV2067 HEA |
| | ) (TIA) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Defendant Commissioner's Motion to Dismiss Plaintiff's Complaint. (Docket No. 7). Defendant contends that Claimant has failed to file a timely claim in this Court as required by 42 U.S.C. § 405(g). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

**I.    Procedural History**

On March 3, 2006, the Appeals Council of the Social Security Administration ("SSA") advised Claimant that her request for review had been denied. (Deft.'s Mot. to Dismiss, Baskerville Dec'l. at para. 3(b); Exh. 1). In relevant part, the notice explained how Claimant has a right to request a hearing within sixty days if she disagreed with the decision. (Id.). According to Claimant, she never received the Appeals Council's decision but asserts that her counsel learned of the decision on October 18, 2007, during a telephone conversation with an employee of the Social Security Administration. (Pltf's Response, Clmt Aff. at para 2). Claimant filed the

instant Complaint on December 17, 2007, more than sixty days after the presumed date of receipt. (Docket No. 1).

**II.     Discussion**

When ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court must follow the new standard of review delineated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (May 21, 2007). The Twombly Court determined that the standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[,]" has "earned its retirement." Twombly, 127 S. Ct. at 1968, 1969. The Court further opined that a viable complaint must now include "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level...." Id. at 1965. This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Id. at 1965, 1974. As was the case under Conley, the complaint must be liberally construed in the light most favorable to the plaintiff and should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. See Id. at 1964-65. Moreover, when considering a motion to dismiss for failure to state a claim, a court must accept the facts alleged in the complaint as true, even if doubtful. Id. at 1965. To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.

Title 42 U.S.C. §405(g) requires that a claimant must commence a civil action seeking judicial review within sixty days after the mailing of a notice of the decision. This statute of limitations is not jurisdictional and is subject to equitable tolling. *See* Bowen v. City of New York, 476 U.S. 467, 478-80 (1986). This sixty-day limitations period has been modified by the Commissioner's regulations so that it begins to run only upon receipt of the Appeal Council's notice rather than upon its mailing. *See* 20 C.F.R. §§ 422.210(c), 404.981, 416.1481; Bess v. Barnhart, 337 F.3d 988, 989 (8th Cir. 2003) (per curiam). "[R]eceipt of the notice of the Appeals Council is presumed five days after the date of the notice, unless there is reasonable showing to the contrary." Id. (citing 20 C.F.R. §§ 422. 210, 404.901, 416.1401). If the claimant successfully rebuts the presumption, the burden shifts to the Commissioner to show that the claimant received actual notice of the Commissioner's decision.

Claimant has submitted her affidavit and her counsel's affidavit averring that neither one ever received the notice of March 3, 2006. Courts have repeatedly concluded that a bald denial of timely receipt by the claimant and/or her attorney, even if made under oath, is insufficient to constitute a "reasonable showing" sufficient to rebut the regulatory presumption.[1] Likewise, the

---

[1] *See, e.g.,* Velez v. Apfel, 2000 WL 1506193 at *1 (2nd Cir. 2000) (a "conclusory allegation" of non-receipt does not constitute a reasonable showing); Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997) (plaintiff's "sworn word that he did not receive th[e] notice is not sufficient, by itself, to rebut the statutory presumption"); McCall v. Bowen, 832 F.2d 862, 864-65 (5th Cir. 1987) (plaintiff's bare allegation of mail service delay is insufficient to overcome the presumption); McMahan v. Barnhart, 377 F. Supp. 534, 536 n. 3 (W.D. Va. 2005) (affidavit may not be sufficient to rebut the presumption of receipt); Reed v. Barnhart, 2005 WL 757862 (D.Me. 2005); Johnson v. Astrue, 2008 WL 435180 (M.D.Fla. 2008); Parker v. Astrue, 2008 WL 2746727 (W.D.Va. 2008); Velazquez v. Masanari, 2002 WL 246760 at *1 (D.Neb. 2002) (the "bare assertion" of delayed receipt "is not the type of 'reasonable showing' contemplated by the applicable regulation"); Marte v. Apfel, 1998 WL 292358 at *2 ("[A] plaintiff must do more than merely assert that he did not receive the notice within five days.... Rather, a plaintiff must present some affirmative evidence indicating that actual receipt occurred more than five days after issuance.") (citations omitted); Roberts v. Shalala, 848 F.Supp. 1008, 1012 (M.D.Ga. 1994)

claimant's affidavit offering an explanation for late or failed receipt that is either facially insufficient or unsupported by extrinsic evidence is insufficient to constitute a "reasonable showing" sufficient to rebut the regulatory presumption.[2] In every case in which a reasonable showing of delayed or failed receipt has been judicially acknowledged, the claimant offered evidence corroborating her denial of time receipt.[3]

---

(affidavit of attorney's receptionist insufficient);Leslie v. Bowen, 695 F. Supp. 504, 506 (D. Kan. 1988) ("[T]he rebuttable presumption would serve little purpose if an affidavit stating a later date of notice constituted a reasonable showing to the contrary");Solberg v. Secretary of Dep't of Health & Human Servs., 583 F.Supp. 1095, 1098 (E.D.Wis. 1984)(statements of claimant and father insufficient); Rouse v. Harris, 482 F.Supp. 766, 768-69 (D.N.J.1980) (the "mere assertion" of non-receipt "cannot provide a substitute for a more concrete showing").  *But see* Vine v. Bowen, 1988 WL 35595 at *1 (N.D.Ill. 1988) (dictum) ("[T]he claimant may rebut the presumption and thereby create a factual dispute as to the actual receipt of notice by a sworn affidavit denying receipt of the notice letter.").

[2]See, Rivera v. Secretary, 1994 WL 594739 at *1 (9th Cir. 1994) (newspaper articles indicating inclement weather in Virginia around the time of the notice could not overcome the presumption of timely receipt, absent "any evidence showing that weather conditions actually caused a delay in the mail service"); Piscopo v. Secretary, 1994 WL 283919 at *4 (1st Cir. 1994) (that the plaintiff did not retrieve the contents of her post office box daily was not an adequate excuse for delayed receipt); Guinyard v. Apfel, 2000 WL 297165 at *3 (the plaintiff's "unsupported assertion that when she received the letter 'the envelope was rip[ped] and taped all over' ... is not the meaningful showing required").  See also, Pence v. Shalala, 1996 WL 805070, *3 (D.N.J. 1996) (finding that status inquiry letters sent after the presumed date of receipt were not adequate to rebut the presumption).

[3]*See, e.g.,* Matsibekker v. Heckler, 738 F.2d 79, 81 (2nd Cir. 1984) (the applicant showed that the notice of decision was not even mailed until seven days after the Appeals Council's decision);Pettway ex rel. Pettway v. Barnhart, 233 F.Supp.2d 1354, (S.D.Ala. 2002) (counsel submitted corroborating evidence of a date-stamped copy of the notice);Allen v. Massanari, 2001 WL 456240 at *2 (N.D.Tex. 2001) (the plaintiff submitted a copy of the decision reflecting a later date than that asserted by the defendant), *adopted,* 2001 WL 513449 (N.D. Tex. 2001); Ritchie v. Apfel, 1999 WL 1995198 at *1, 2 (D.Me. 1999) (the affidavit of the defendant's representative confirmed that the defendant did not mail the notice to the most recent address provided by the plaintiff); Gower v. Shalala, 1993 WL 737965 at *2-3 (W.D.W.Va. 1993) (the plaintiff's affidavit denying timely receipt, accompanied by a calendar on which the plaintiff "purport[ed] to have contemporaneously recorded the receipt of the notice" sufficient to rebut five-day presumption); Wiggins v. Sullivan, 1990 WL 29187 at *1 (S.D. Fla. 1990) (correspondence and return of summons confirmed that the defendant mailed the notice to the wrong address); Dobbs v.

Applying these principles to the instant case, the undisputed evidence demonstrates that on March 3, 2006, the Appeals Council of the Social Security Administration advised Claimant that her request for review had been denied. Claimant is presumed to have received this notice within five days[4] -- i.e., on or before March 8, 2006; Claimant has made no reasonable showing to the contrary. See 20 C.F.R. §§ 404.901; 416.1401. There is no evidence of returned, delayed, or forwarded mail. Thus, Claimant's deadline for filing the instant action was May 8, 2006. Claimant, however, did not file the instant action until December 17, 2007 -- six hundred fifty days after the deadline, nor did Claimant ever request an extension of time for filing the complaint. Accordingly, the complaint is untimely as established by evidence in the record and should be dismissed.

Another consideration when determining whether a § 405(g) complaint is timely is the issue of equitable tolling. "[T]raditional equitable tolling principle[s]" apply to the sixty-day period. Bowen, 476 U.S. at 480 (quoting Honda v. Clark, 386 U.S. 484, 501 (1967)). "Generally, equitable circumstances that might toll a limitations period involve conduct (by

---

Heckler, 1985 WL 71754 at *1, 4 (E.D.N.Y. 1985) (the defendant's form, though ambiguous, suggested that the defendant's representative recognized that the plaintiff did not receive the first notice); Bartolomie v. Heckler, 597 F.Supp. 1113 (N.D.N.Y. 1984) (finding that plaintiff rebutted the five-day presumption because the Secretary's own evidence indicated that the notice was not actually mailed until seven days after it was issued); Chiappa v. Califano, 480 F.Supp. 856 (S.D.N.Y. 1979) (the affidavit of a rural railroad clerk confirmed the date he delivered the notice to the plaintiff); *see also* Marte v. Apfel, 1998 WL 292358 at *2 ("[A] plaintiff must present some affirmative evidence indicating that actual receipt occurred more than five days after issuance.") *But see* Garcia v. Commissioner, 2002 WL 31479066, *2 (3d 2002) (finding that affidavits by the claimant and counsel and inquiry letters inadequate to rebut the presumption of timely receipt of the notice).

[4]The Commissioner has promulgated regulations stating that receipt by the claimant of a final notice will be assumed to have occurred within five days of the date of the notice. 20 C.F.R. § 422.210(c).

someone other than the claimant) that is misleading or fraudulent." Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam). See also Bowen, 476 U.S. at 481 (noting that equitable tolling of § 405(g) limitation is "rare"). Claimant has not alleged the existence of such conduct that prevented her from filing her complaint. The undersigned heeds the Supreme Court's admonition that equitable tolling is "to be applied sparingly." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002) (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants")). Therefore, for all the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that the Motion of Michael J. Astrue, Commissioner of Social Security, to Dismiss (Docket No. 7) be **GRANTED.**

The parties are advised that they have eleven days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal the questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

       /s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this   12th   day of August, 2009.