UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY L. ROARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV2067 HEA |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Magistrate Judge Adelman's Report and Recommendation of March 1, 2011.  Judge Adelman recommends that the decision of the Commissioner denying social security benefits be affirmed.  Plaintiff has filed written objections to Judge Adelman's recommendation.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected.  See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)).  The Court, therefore has conducted a *de novo* review of those portions of the Report and Recommendation to which Plaintiff object, pursuant to 28 U.S.C. § 636(b)(1).

The Court has reviewed the entire administrative record and the record of

the pleadings filed in this matter.  For the reasons set forth below, the Court adopts Judge Adelman's Report and Recommendation in its entirely.

This Court's review is limited to a determination of whether the decision of the ALJ is supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir .2002).

> "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." *Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir.2001).  But "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987).  "'Substantial evidence on the record as a whole' ... requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler,* 735 F.2d 312, 315 (8th Cir.1984)).  In reviewing the administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951), *quoted in Gavin,* 811 F.2d at 1199.
>
> In general, the claimant bears the burden of proving his or her entitlement to disability insurance benefits under the Social Security Act. 20 C.F.R. § 404.1512(a); *Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991).

*Coleman v. Astrue* 498 F.3d 767, 770 (8th Cir. 2007).  Substantial evidence is such evidence that a reasonable mind would find adequate to support a decision, considering evidence that detracts both from and evidence that supports the Commissioner's decision. *Clevenger v. Social Sec. Admin.*, 567 F.3d 971, 974 (8th

Cir. 2009).

Judge Adelman thoroughly sets out the procedural history and the evidence before the Administrative Law Judge, (ALJ), including Plaintiff's testimony and her Medical Records. Further, Judge Adelman correctly articulates the standard for this Court's review of an ALJ's disability determination. The Court adopts in its entirety Judge Adelman's report as to the record before the Court and the Court's review of the determination.

Plaintiff asserts that the ALJ erred in failing to make proper credibility findings as to Plaintiff's testimony. Specifically, Plaintiff argues that the ALJ stated that Plaintiff did not aggressively seek treatment, her work activity did not deteriorate as a result of her symptoms, and that her description of her symptoms and limitations were not credible. Plaintiff relies on *Beckley v. Apfel*, 152 F.3d 1056, 1060 (8th Cir. 1998) for her position that the medical evidence in this case rebuts the ALJ's characterization of Plaintiff's actions and description of her symptoms and limitations. *Beckley*, however, found that the plaintiff's medical evidence entitled her to have a vocational expert testify as to the effect of the plaintiff's non-exertional impairments on her residual functional capacity. In the matter before the Court, the ALJ assessed Plaintiff's medical records in terms of Plaintiff's claims of arthritis in her hands in addition to her ongoing complaints,

and the lack of documentation supporting her claim.

Regarding Dr. Rexroat evaluation, the ALJ recognized Dr. Rexroat's opinion, but found that the limitations found by Dr. Rexroat were inconsistent with his objective findings, thereby concluding that the record did not support a finding of a severe mental impairment imposing limitations of function for twelve consecutive months.

Plaintiff also argues that the ALJ erred in giving more weight to the consulting physician than the treating physicians.  Plaintiff supports this argument by stating that the "ALJ only refers to the consultative examination of Dr. John Demorlis, M.D. [sic] in determining that the medical records did not support the claimant's allegations."  This objection ignores the ALJ's finding that Plaintiff's medical treatment notes reflected "infrequent episodes" of neurological complaints and no confirmed medically determinable impairment for these complaints. Rather than solely relying on Dr. Demorlis' conclusions, the ALJ reviewed all of Plaintiff's medical records in conjunction with Plaintiff's testimony in his assessment of Plaintiff's allegations of disability.

## Conclusion

Judge Adelman's Report and Recommendation carefully and meticulously

examines the entire record and thoroughly discusses the law and its application to the evidence in the record. The Court agrees that ALJ's decision is based upon substantial evidence in the record. As such, Plaintiff's objections are overruled and the Court will adopt Judge Adelman's Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 21st day of September, 2011.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE